UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America    :
                            :
        v.                  :        File No. 2:02-CR-38
                            :
Ernest Walker               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 119)

Defendant Ernest Walker, proceeding *pro se*, has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Paper 119).  In 2003, Walker was convicted of conspiracy to distribute crack cocaine and, because of his two prior felony drug convictions, was sentenced to life in prison.  Walker now claims that he is entitled to habeas corpus relief because his attorney failed to file an appeal.  The government concedes that defense counsel's failure to file an appeal constituted ineffective assistance.  Accordingly, and having reviewed the evidence presented, I recommend that Walker's motion be GRANTED, that his sentence be VACATED, and that he be RESENTENCED.

## Factual Background

On April 23, 2003, following a trial by jury, Walker was convicted of conspiracy to distribute five or more

grams of crack cocaine in violation 21 U.S.C. § 846 and § 841(a)(1)(A). The Pre-Sentence Investigation Report, citing Walker's two prior felony drug convictions, found that Walker was required to serve a mandatory life sentence. On October 1, 2004, Judge Sessions sentenced Walker to life imprisonment. The Judgment and Commitment was entered that same day.

At trial, Walker was represented by Troy Archie, Esq. of Camden, New Jersey. Archie appeared in this Court *pro hac vice*, with John Mabie, Esq. as local counsel. On October 8, 2004, Archie wrote to Judge Sessions and explained that his efforts to reach Walker and his family about an appeal had been unsuccessful. "Therefore, I am respectfully requesting the Court to assign Mr. Walker CJA counsel for the purpose of appeal." (Paper 117-2). Archie also offered to represent Walker on appeal if so assigned. Id.

Archie reportedly never received a response from the Court. (Paper 117-1 at 2). In early November, 2004, Walker allegedly called Archie to inquire about his appeal. Id. On November 5, 2004, Archie sent the Court a "Notice of Motion to File a Notice of Appeal Nunc Pro

2

Tunc." <u>Id.</u>  With his motion, Archie included a declaration in which he explained that after the Court did not respond to his October 8 letter, he was "under the impression that local counsel was appointed, perhaps the [sic] trial attorney John C. Mabie was in a better position to know the appealable issues." <u>Id.</u>  On August 22, 2005, Judge Sessions denied Archie's motion to file "Nunc Pro Tunc" for failure to show good cause.  (Paper 118).

Walker now brings a motion pursuant to 28 U.S.C. § 2255 claiming that he was "denied the right to appeal and effective assistance of counsel . . . .  I asked my attorney (Troy A. Archie) to file an appeal to the U.S. Court of Appeals for the Second Circuit of my sentence and conviction.  Counsel failed to file a notice of appeal."  The government does not oppose the motion, and argues that the appropriate remedy "is to vacate the Judgment and reimpose sentence to permit the defendant ten days from the imposition of the new sentence to appeal."  (Paper 124).

<u>Discussion</u>

When a defendant instructs counsel to file an appeal

3

and counsel fails to do so, the defendant has potential grounds for habeas relief.  Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).  The standard for evaluating whether relief is appropriate is set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a petitioner to show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant."  Flores-Ortega, 525 U.S. at 477 (internal citations omitted).  The Supreme Court has determined that, as to the first prong of the Strickland standard, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Id.  As to the second prong, a "petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal."  Garcia, 278 F.3d at 137 (citing Flores-Ortega, 528 U.S. at 484); see also McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999).

4

Here, the government concedes that counsel was ineffective when he failed to file a notice of appeal. The parties' agreement on this issue is supported by the record.  The Second Circuit's Local Rule 4(b) states that "[w]hen a defendant convicted following trial wishes to appeal, trial counsel, whether retained or appointed by the district court, is responsible for representing the defendant until relieved by the Court of Appeals."  In this case, Walker's trial attorneys were never actively relieved by the Court of Appeals.  Nonetheless, Archie presumed that his representation of Walker ended after judgment was entered.  Archie's failure to file a notice of appeal may, without objection, be deemed ineffective assistance of counsel.

The government argues that the appropriate remedy in response to Walker's motion is to vacate the judgment and "reimpose sentence." (Paper 124 at 4).  The Second Circuit has determined, however, that when a defendant has shown that he was denied his right to appeal due to ineffective assistance of counsel, the Court may "(1) enter a new judgment imposing the same sentence in open court with defense counsel present, see McHale, 175 F.3d

5

at 119-20 & n.4, or (2) if [the Court] discerns any useful purpose in further considering the sentence, resentence the defendant."  <u>Garcia v. United States</u>, 278 F.3d 134, 13 (2d Cir. 2002).[1]  Accordingly, I recommend that Walker's motion be GRANTED, his judgment be VACATED, and that the Court impose a sentence consistent with the Second Circuit's ruling in <u>Garcia</u>.

Conclusion

For the reasons set forth above, I recommend that Walker's motion to vacate, set aside, or correct his sentence pursuant to the provisions of 28 U.S.C. § 2255 (Paper 119) be GRANTED, and that the Court VACATE the judgment against him and enter a new judgment from which a timely appeal may be taken.

Dated at Burlington, in the District of Vermont, this 13th day of December, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation

---

[1]  In <u>McHale</u>, the Second Circuit noted that "[c]ourts remanding for entry of a new judgment appear to regard it as a ministerial act, not a formal resentencing that might require the presence of the defendant."  175 F.3d at 119 n.4.

within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).